**NEW YORK LEGAL ASSISTANCE GROUP**
Jane Greengold Stevens
Danielle Tarantolo
Shanna Tallarico
Jessica Ranucci
7 Hanover Square
New York, NY 10004
(212) 613-5000

**MILBANK, TWEED, HADLEY & MᶜCLOY** LLP
Evan R. Fleck
28 Liberty Street
New York, NY 10005
Telephone: (212) 530-5000

Aaron L. Renenger (*pro hac vice admission pending*)
1850 K Street, NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500

*Proposed Counsel for Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| TECHNICAL CAREERS INSTITUTES, INC., | : | Case No. 17- 13232 (MKV) |
| | : | Adversary Proceeding No. _____ |
| | : | |
| Debtor. | : | CLASS ACTION ADVERSARY |
| | : | PROCEEDING COMPLAINT |
| | : | |

--------------------------------------------------------------x

| | | |
|---|---|---|
| DAVID FLORES, JENNY GONZALEZ, | : | |
| and ARMANDO PARDO, individually and behalf | : | |
| of all others similarly situated, | : | |
| Plaintiffs, | : | |
| - against - | : | |
| | : | |
| TECHNICAL CAREER INSTITUTES, INC., | : | |
| | : | |
| Defendant. | : | |

--------------------------------------------------------------x

Student claimants, David Flores, Jenny Gonzalez, and Armando Pardo (collectively, "Named Plaintiffs"), bring this adversary proceeding on behalf of themselves and all other similarly situated former students of debtor Technical Career Institutes, Inc. ("TCI" or "TCI College" or "Debtor" or "Defendant").

## NATURE OF THE CASE

1. Named Plaintiffs and the members of the proposed class (together, "Plaintiffs") were all students at TCI when it closed in September 2017. Each of them relied on misrepresentations by TCI and its officers inducing them to pay tuition and fees for the Fall 2017 semester. Each was harmed when TCI closed before the Fall 2017 semester started, and subsequently declared bankruptcy, without refunding those payments.

2. In the months leading up to TCI's bankruptcy, TCI faced increasing financial distress. It stopped paying its employees' salaries and benefits and stopped paying its rent. Briefly, TCI acknowledged to its students that its future was in doubt. In August 2017, however, the Chairman of TCI's Board emailed all of its students that the school had been "stabilize[d]," and the Registrar followed shortly thereafter with the "Good News!" that TCI would remain open for business and students should register for Fall 2017 classes "as soon as possible."

3. In reliance on the emails, many students—including Named Plaintiffs—promptly went to TCI's offices to register for classes and pay tuition and fees. TCI's representatives accepted these payments and provided students with schedules of their classes.

4. But TCI's emails were replete with misrepresentations, and omitted the essential material facts that for some time TCI had been insolvent or bordering on insolvent, and that there

was at least a substantial possibility, if not a strong likelihood, that TCI would not remain open to provide educational services to students for the Fall 2017 semester.

5. Having pocketed the students' payments for the Fall 2017 semester, the school promptly closed and then filed for bankruptcy. As a result, these students, mostly low-income individuals seeking career advancement, and misled by the educational institution they had trusted, had their plans for study derailed and were left simply as creditors of TCI's estate with no reasonable prospect of repayment.

6. Plaintiffs bring this action seeking redress for injuries suffered as a result of Defendant's misconduct, asserting claims for fraudulent inducement, fraud, fraudulent concealment, breach of contract, unjust enrichment, negligent misrepresentation, and violations of New York General Business Law § 349's prohibition on deceptive consumer-oriented practices.

## JURISDICTION AND VENUE

7. This is an adversary proceeding pursuant to Rule 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure to seek relief in accordance with sections 105(a), 501 and 502.

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 because this is a civil proceeding arising in or relating to the underlying case arising under Title 11 of the United States Code (as amended, the "Bankruptcy Code").

9. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b).

10. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

## PARTIES

11. Plaintiff David Flores is a natural person residing in Queens, New York.

12. Plaintiff Jenny Gonzalez is a natural person residing in Brooklyn, New York.

13.     Plaintiff Armando Pardo is a natural person residing in West New York, New Jersey.

14.     Defendant TCI is a corporation organized under the laws of the State of New York with its principal place of business located at 320 West 31st Street, New York, New York 10001.

## FACTUAL ALLEGATIONS COMMON TO THE CLASS

### I.     TCI's For-Profit College Enterprise

15.     TCI was a for-profit college that offered Associate's Degrees in technology-related fields such as Automotive Technology and Heating, Ventilation, Air Conditioning and Refrigeration Technology.

16.     TCI had a history of poorly serving its students.  Its graduation rate was below 25%, and it was investigated by the New York City Department of Consumer Affairs for high drop-out and poor loan repayment rates, and by the United States Department of Education for manipulating its reporting on student loan defaults.

17.     TCI's students were predominately low-income.  Approximately 85% of TCI students received Federal Pell Grants, which are available only to low-income students.

18.     TCI charged its students tuition and various fees.  TCI did not permit students to register for a semester until they arranged payment for tuition and fees.

19.     TCI offered three semesters of instruction each calendar year: Spring (January to April), Summer (May to August), and Fall (September to December).

20.     TCI operated in Midtown Manhattan, at 320 West 31st Street, New York, NY 10001, until it closed.

21.     On information and belief, in April of 2007, Comvest Partners ("Comvest") purchased the majority of equity in TCI.[1]

## II.     TCI's Increasing Financial Difficulties

### A.     *TCI Experiences Financial Distress and Stops Paying Insurance Premiums*

22.     On information and belief, TCI began to experience severe financial difficulties no later than late 2016.

23.     In January 2017, a party in litigation with TCI represented to the New York Supreme Court that the litigants had not proceeded with the discovery ordered in September 2016 because of concerns about TCI's "viability" and whether TCI was a "potentially bankrupt entity."[2]

24.     In April 2017, due to TCI's failure to pay required premiums, health insurance plans covering TCI employees were retroactively cancelled.  See 341 Meeting of Creditors Transcript at 38-42 (Dec. 13, 2017).

25.     Unaware that TCI had stopped paying health insurance premiums, employees were bewildered and angered when they received notices from their health insurance that claims had been denied, and that they would now be responsible for medical bills in the thousands of dollars.  Id. at 38:21-39:3.

26.     At the time TCI closed, TCI owed its unionized employees approximately $2.2 million, $540,000 of which was from unpaid health claims resulting from the termination of employees' health insurance. Id. at 41:22-43:3.

---

[1]     See *ComVest Signs $16.8 Million Definitive Financing Agreement With EVCI Career Colleges Holding Corp.*, http://comvest.com/comvest-signs-16-8-million-definitive-financing-agreement-with-evci-career-colleges-holding-corp, (last visited June 4, 2018).

[2]     January 23, 2017 Correspondence to Judge, D.I. 11, *Silver Betty, Inc. v. TCI*, Index No. 652383/16 (N.Y. Sup. Ct.).

**B.** *TCI Stops Paying Rent and is Sued by its Landlord*

27. In approximately January 2017, TCI stopped paying its full rent, and stopped paying any rent at all in April 2017.

28. In May 2017, TCI's landlord, Overtime Properties, LLC served TCI with a request for rent of over $1.2 million.

29. On June 5, 2017, Overtime Properties filed a petition requesting TCI's eviction, and commenced a non-payment proceeding on June 9, 2017.

30. On August 16, 2017, the court ordered TCI to pay Overtime Properties $537,705. TCI had until mid-September 2017 to comply with the rent order. However, TCI failed to comply, and the court issued a final judgment of possession and a warrant for eviction in October 2017.

31. By the time it declared bankruptcy, TCI owed Overtime Properties over two million dollars. See Claim No. 28.

## III. TCI's Misrepresentations to Its Students

**A.** *July 21, 2017 E-mail from TCI Assuring Students of TCI's Efforts to Remain Open*

32. On July 21, 2017, the Registrar of TCI College, Rafael Baez, sent an email to all TCI students, including Plaintiffs. In the body of this email was a letter to students from TCI board chairman Phillip M. Getter. The letter stated: "By now the rumor mill is rampant with the news that TCI may be closing. Let me set the record straight. TCI is facing very difficult financial times. As such, we had to lay off staff. We are in the process of trying to obtain funding that would keep us open beyond the end of the summer semester." The letter went on to describe steps TCI would take if the school were to close.

### B.    *August 17, 2017 E-mail from TCI Assuring Students of a Plan to Stabilize TCI*

33.    On August 17, 2017, a day after TCI had been ordered by the court to pay over half a million dollars to its landlord, the Registrar of TCI College ("August 17 Email") sent an email to all TCI students, including Plaintiffs, which included a letter to students from TCI board chairman Getter dated August 16, 2017, stating: "We would like to inform you that *we have put a plan in place to stabilize TCI College of Technology* and its financial situation for the benefit of all of our stakeholders."

34.    The letter from Getter further stated: "*I want you to know that we are planning to start our Fall semester on September 26, 2017*. We expect to enroll continuing students beginning next Wednesday, August 23, 2017 and new students soon thereafter."[3]

35.    On information and belief, the representations contained in the August 17 Email were misleading and/or false.  On information and belief, TCI had, at the very least, substantial doubts that it would be able to remain open for its Fall semester.  As of August 16, the date of the Getter letter contained in the August 17 Email, TCI was under court order to pay back rent or face eviction.   TCI was also aware at that time that it owed substantial sums to its employees and that the health insurance for its employees had been cancelled.  TCI either knew or should have known that they had no present ability to repay these amounts.  On information and belief, TCI did not have in place a feasible plan, if any, that could stabilize the school. On information and belief, TCI made the statements in the August 17 Email to induce TCI students to enroll in the Fall semester and pay tuition and fees to TCI.

---

[3]    The Registrar of TCI College sent two emails to TCI students, including Plaintiffs, on August 17, with the same substance. The first email, which had the subject line "Important News about TCI College" incorrectly stated the date registration opened as Wednesday, August 21, 2017. The second email had the subject line "Date correction: Important News about TCI College" and stated that registration opened Wednesday, August 23, 2017. August 23, 2017 was in fact a Wednesday.

36.     On information and belief, TCI omitted material information from the August 17 Email, including, but not limited to, that TCI was, or faced a reasonable prospect of becoming, insolvent and that TCI was facing a likely eviction; that TCI did not have the present ability to pay health care expenses for its employees; and that there was a substantial possibility that TCI would not receive sufficient funds to remain open throughout the Fall 2017 semester.

**C.      *August 21, 2017 E-mail from TCI Inviting Students to Register for Fall 2017***

37.     On August 21, 2017, the Registrar for TCI College sent an email to all TCI students, including Plaintiffs, with the subject line "Registration Invitation for Fall 2017" ("August 21 Email").  This email stated:

> Good News! Registration for the 2017 Fall semester is now open to all students starting this Wednesday, August 23rd, 2017. Classes begin Wednesday, September 26th, 2017 and the semester ends on January 13th, 2018.
>
> Register as soon as possible so that you can enjoy your semester break and have the classes that you want.
>
> We at TCI recognize how important a college education is to succeed and you are already on your way towards becoming a future graduate!
>
> We are here to assist you through the registration process. Please make sure you visit the Financial Aid Office for clearance in room 139 and visit us in room 145 for any questions regarding registration.
>
> Please note that registration for classes starts this Wednesday, August 23rd, 2017. Registration times are from 10:30 am to 7:00 pm Monday thru Thursday and 9:00 am to 6:00 pm on Fridays.
>
> Classes can fill up quickly. Don't put off to tomorrow, what you can accomplish today.
>
> If you are currently in your last semester, please pass by the Registrar's Office in room 145 and fill out a Prospective Graduate Form.
>
> Thank you.
>
> Registrar's Office

38.     On information and belief, the representations contained in the August 21 Email were false and/or misleading.  On information and belief, TCI did not have reasonable confidence that it would be financially able to begin classes on September 26, 2017 and remain open for the Fall 2017 semester.  On information and belief, the statements in the August 21 Email that students should "Register as soon as possible" and that "Classes can fill up quickly" were made to induce students to enroll and make payments although the school faced a strong likelihood of closing.

39.     On information and belief, TCI omitted material information from the August 21 Email, including, but not limited to, that TCI was, or faced a reasonable prospect of becoming, insolvent and that TCI was facing a likely eviction; that TCI had a debt of over $500,000 due to its landlord; that TCI did not have the present ability to pay health care expenses for its employees; and that there was a substantial possibility that TCI would not receive sufficient funds to remain open throughout the Fall 2017 semester.

40.     On information and belief, TCI sent the August 17 Email and August 21 Email in order to induce TCI students to pay tuition and fees, and to take out student loans, the proceeds of which would go to TCI.

## IV.    TCI Registers Students in August 2017 for Fall Semester

41.     From approximately August 23rd to August 31st 2017, TCI registered students, including Plaintiffs, for the Fall 2017 semester and solicited and accepted payments for the Fall 2017 semester's tuition and fees.

42.     Many TCI students, including Plaintiffs, came to TCI in person to register. The registration process involved choosing courses for the Fall 2017 semester and making the required payment.

43.     TCI representatives accepted the students' payments, including Plaintiffs', told students that they were registered for Fall 2017 classes, and provided students a schedule of the classes for which they had purportedly been registered.

44.     Many TCI students, including Plaintiffs, signed a document provided by TCI titled Cash Payment Agreement, in which the student agreed to pay a particular amount of money "in consideration for educational services."

45.     By the end of August 2017, dozens of TCI students, including Plaintiffs, had paid for some or all of the Fall 2017 semester's tuition and fees.

46.     On information and belief, hundreds of students, including many Plaintiffs, who registered for the Fall 2017 semester applied for student loans to fund their tuition and fees.

47.     On information and belief, the New York State Higher Education Services Corporation ("HESC"), which funds New York student grants and scholarships, paid approximately $370,000 to TCI on behalf of students for the Fall 2017 semester.  See Claim No. 65.

**V.     TCI Closes on September 1, 2017**

48.     On September 1, 2017, TCI permanently closed.

49.     TCI never provided any classes or other educational services for the Fall 2017 semester.

50.     On September 5, 2017, the Registrar sent an email to all TCI students, including Plaintiffs ("September 5 Email").  In the body of this email was a letter to students from Getter dated September 1, 2017. Getter's letter notified students that "TCI is discontinuing operations as of September 1."

51.     Many students attempted to request refunds for tuition payments made, with no success.

52.     Many students, including Plaintiffs, suffered additional injury because of TCI's closure, including incidental costs, foregone wages, and emotional distress.

## VI.     TCI's Filing for Chapter 7 Bankruptcy Promptly Follows

53.     On November 13, 2017, TCI filed for Chapter 7 bankruptcy. In its petition, TCI designated forty-six claims as arising from "[s]tudent refunds."

54.     On information and belief, most or all of the student creditors are low-income individuals. On information and belief, the student creditors have no access to private counsel to represent them in the bankruptcy proceeding or to bring claims on their behalf in an adversary proceeding.

## FACTUAL ALLEGATIONS CONCERNING NAMED PLAINTIFFS

55.     Named Plaintiffs are three of the creditors listed as being owed student refunds. Each Named Plaintiff attended TCI prior to the Fall 2017 Semester. Each Named Plaintiff went to TCI to register for the Fall 2017 semester after receiving the emails described above. In reliance on those emails and the statements by TCI employees during the registration process, each Named Plaintiff paid funds for the Fall 2017 semester that have not been refunded.

### David Flores

56.     David Flores is a twenty-three year old Queens resident. Mr. Flores graduated from Queens Vocational and Technical High School in 2013. After graduating from high school, Mr. Flores worked full-time to save money for college.

57.     Mr. Flores first enrolled at TCI in the Fall of 2016.

58.     Mr. Flores enrolled in TCI's Automotive Technology Associate Degree program. He was a full-time student at TCI in the Fall 2016 and Spring 2017 semesters. He completed 41 of the 66 credits required for his Associate Degree, and received a grade of A or A- in every class at TCI.

59.     Mr. Flores paid almost all of his tuition and fees at TCI primarily with money he had saved from working. He also received a small amount of New York State grant aid. He paid approximately $7,000 for each of the Fall 2016 and Spring 2017 semesters.

60.     Mr. Flores received the July 21 Email, August 17 Email, and August 21 Email from TCI.

61.     On or about August 29, 2017, Mr. Flores went to TCI to register for classes and make a payment plan for the Fall 2017 semester.  Mr. Flores signed a Cash Payment Agreement in which he agreed to pay TCI $6,069 for tuition and fees for the Fall 2017 semester, in a first payment of $1,834 and three subsequent payments of $1,412. On that same day, Mr. Flores made the first payment of $1,834 payment by check to TCI for the Fall 2017 Semester.

62.     Mr. Flores learned that TCI had closed when he received the September 5 Email.

63.     On that same day, Mr. Flores emailed TCI, stating: "Hi there my name is David Flores and I recently registered for classes and paid for the first month just last week and I was wondering how, when, and where can I get my refund since the school is closing. If you could please respond back as soon as possible that would be fantastic thank you for your time."

64.     On September 15, October 3, and October 7, Mr. Flores again emailed TCI to request a refund.

65.     On October 19, Mr. Flores emailed for a fifth time to request a refund, stating: "Hello there my name is David Flores and I am still wondering when I will receive my money that was used to register for classes. It has been over a month and still no information or news about how or when I could get my money back. Please I beg please respond and tell me a way to get my money back."

66.     Mr. Flores never received a refund of the money he paid to TCI for the Fall 2017 semester.

67.     After TCI closed, Mr. Flores was frustrated that he had paid nearly $16,000 total to TCI with little to show for it. He thought about transferring credits to another school, but found that many schools would not accept credits from TCI.  Instead of returning to school, Mr. Flores began working full-time. He does not plan to return to finish his degree.

### Jenny Gonzalez

68.     Jenny Gonzalez is a thirty-eight year old Brooklyn resident.  Ms. Gonzalez left high school after 11th grade. Ms. Gonzalez first enrolled at TCI in 2004, in a program that would allow her to obtain both a GED and an Associate Degree. Ms. Gonzalez left TCI in early 2005 because she was going through a divorce, but intended to return to the school.

69.     Ms. Gonzalez re-enrolled at TCI in 2011, and attended through 2015. By the end of 2015, she had completed 56 of the 68 credits she needed to finish her program. She again had to leave the program because of family problems, but planned to return to finish the final credits that would allow her to get her GED and Associate Degree.

70.     In early 2017, Ms. Gonzalez re-enrolled at TCI to obtain the final twelve credits she needed to graduate. TCI told Ms. Gonzalez that she was no longer eligible for any financial aid.  As Ms. Gonzalez was unable to afford to pay the cost for a semester on her own, over the Summer of 2017, Ms. Gonzalez arranged to borrow the money she needed to pay the Fall 2017 semester's tuition and fees.

71.     Ms. Gonzalez received the July 21 Email, August 17 Email, and August 21 Email from TCI.

72.    On August 15, 2017, Ms. Gonzalez sent an email to a TCI administrator explaining that she had "one more semester left to finish & be able to graduate" and asking whether she could enroll in the Fall 2017 semester.   On August 21, 2017, the administrator responded directly to her, stating: "TCI is now open for registration as of Thursday, August 24, 2017.  Classes will start September 26, 2017."

73.    On August 24, 2017, Ms. Gonzalez went to TCI to register for classes and to make a payment plan for the Fall 2017 semester. Ms. Gonzalez signed a Cash Payment Agreement in which she agreed to pay TCI $6,850 in four equal installments of $1712.50.  Using borrowed funds, Ms. Gonzalez paid that day $1,712.50 by check to TCI for the Fall 2017 semester.

74.    Ms. Gonzalez received the September 5 Email. On that same day, she emailed TCI asking what would happen to the payment that she had made for the Fall semester and how she could complete her program.

75.    Ms. Gonzalez has never received a refund of the money she paid for the Fall 2017 semester.

76.    Ms. Gonzalez has been unable to transfer her credits to another school. She is now working full-time and unsure if she will ever be able to obtain a degree.

77.    Even though the Fall 2017 semester at TCI never occurred, Ms. Gonzalez had to repay the money she borrowed. She has re-paid the full $1,712.50, money that she could have used to support her family.

78.    TCI's closure caused Ms. Gonzalez severe emotional distress. She had been working for nearly fifteen years to obtain her degree, and feels that she has nothing to show for

it—not even a GED.  Ms. Gonzalez strives to be a role model for her daughters and is frustrated that TCI's closing means that she does not have a degree.

### Armando Pardo

79.     Armando Pardo is a fifty-eight year old resident of New Jersey. Mr. Pardo enrolled at TCI in 2014. Mr. Pardo attended TCI part-time while he worked for the facilities department at Columbia University. He enrolled in the Facilities Management Technology program because many facilities department jobs required an Associate Degree in the field.

80.     In June 2017, Mr. Pardo resigned from his job at Columbia University so he could attend TCI full-time, to obtain his degree sooner. A different prospective employer had told him that he could begin working there as soon as he received his Associate Degree.

81.     Mr. Pardo received the July 21 Email, August 17 Email, and August 21 Email from TCI.

82.     On August 23, 2017, Mr. Pardo went to TCI to register classes, and signed a Cash Payment Agreement in which he agreed to pay four installments of $970.50 for the Fall 2017 semester. On August 24, 2017, Mr. Pardo paid TCI the first payment of $970.50.

83.     Mr. Pardo never received a refund of this payment for the Fall 2017 semester.

84.     Mr. Pardo could not get his job back when TCI closed because Columbia University had filled the position.  Now, he is out of work.  He has looked for another facilities job, but has been unable to find one.

## CLASS ACTION ALLEGATIONS

85.     Named Plaintiffs bring this action, pursuant to Rule 7023 of the Federal Rules of

Bankruptcy Procedure and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on

behalf of themselves and as representatives of the class ("Class") consisting of:

> All individuals who were students at Technical Career Institutes, Inc. who paid
> tuition and/or fees to TCI for the Fall 2017 Semester for which they have not
> received a refund.

86.     Excluded from the Class is any judge assigned to hear this case (or any spouse or

family member of any assigned judge).

### A.  *Numerosity*

87.     On information and belief, the Class is so numerous that joinder of all Class

members in this action would be impracticable.  The precise number of persons in the Class and

their identities are presently unknown to Plaintiffs.

88.     In its November 13, 2017 bankruptcy petition, TCI designated forty-six

individuals as having claims arising from "[s]tudent refunds."  On information and belief, the

vast majority of these individuals are members of the putative Class.  There may be others in the

Class who are not identified in Debtor's bankruptcy petition.  The precise number of persons in

the Class and their identities may be ascertained from Debtor's records.

### B.  *Common Questions of Law and Fact*

89.     Class members present common questions of fact. These include, but are not

limited to, whether TCI had already decided to close the school at the time it sent the August

2017 emails, and/or at the time it accepted student payments; whether there were statements

made in the August 17 Email and August 21 Email to students that were false; and whether there

were material omissions in the July 21, August 17 Email, and August 21 Email.

90.    Class members present common questions of law.  These include, but are not limited to, whether TCI's conduct in soliciting and accepting student payments constituted fraud; whether TCI's correspondence with students (including, but not limited to, the July 21 Email, August 17 Email and August 21 Email) constitutes fraudulent inducement and/or fraudulent concealment; whether TCI's correspondence with students (including, but not limited to, the July 21 Email, August 17 Email and August 21 Email) constitutes negligent misrepresentation; whether TCI was unjustly enriched; whether TCI breached the contract through conduct alleged herein, whether TCI's conduct was consumer-oriented; whether TCI's conduct constituted a deceptive business practice; whether TCI should be required to reimburse Named Plaintiffs and the Class for payments of tuition and fees made for the Fall 2017 semester; and whether Named Plaintiffs and the Class are entitled to additional relief under common law based on the conduct alleged herein, and the nature and extent of that relief.

91.    These common issues of fact and law predominate over questions only affecting individual Class members.

### C.  *Typicality and Adequacy*

92.    The claims of Named Plaintiffs are typical of the claims of the Class, they arise from the same course of conduct of Defendant, and the relief sought is common to all Class members.

93.    Named Plaintiffs' claims are typical of the claims of the proposed Class in the following ways:  Named Plaintiffs are members of the proposed Class, as they paid some or all tuition and fees for the Fall 2017 semester after receiving the school-wide emails from TCI regarding registration; Named Plaintiffs' claims arise from the same course of conduct on the part of Defendant; Named Plaintiffs' claims are based on the same legal and remedial theories as those of the proposed Class and involve similar factual circumstances; the injuries suffered by

Named Plaintiffs are similar to the injuries suffered by the proposed Class members; and Named Plaintiffs seek a common form of relief for themselves and members of the Class.

94.     Named Plaintiffs are adequate representatives of the Class on whose behalf this action is prosecuted and will fairly and adequately protect the interests of all members of the proposed Class. Named Plaintiffs have the requisite personal interest in the outcome of this litigation and have no interests antagonistic to any member of the proposed Class.

95.     Named Plaintiffs are represented by the New York Legal Assistance Group ("NYLAG") and Milbank, Tweed, Hadley & McCloy LLP ("Milbank"). Attorneys at NYLAG are experienced in complex federal litigation, class action litigation, and consumer defense litigation. Attorneys at Milbank are experienced in federal complex commercial litigation, with a particular focus on a wide range of corporate restructurings and bankruptcies, including representation of groups of creditors and litigation of adversary proceedings brought as part of bankruptcy cases.

96.     A class action is the superior method for a fair and efficient adjudication of this matter in that Defendant has acted in a manner generally applicable to the Class and a class action will avoid numerous separate adversary proceedings by Class members that would unduly burden the court.

97.     Without a class action, it would be impracticable for Class members, who are, on information and belief, primarily low-income individuals with limited access to counsel, to obtain legal services on an individual basis for their claims. Hence their rights under the law may well be meaningless without certification of a class action seeking common redress.

## FIRST CAUSE OF ACTION
### Fraudulent Inducement

98.     On behalf of Named Plaintiffs and the Class, Plaintiffs allege and incorporate by reference each of the forgoing paragraphs, as if fully set forth herein.

99.     Defendant made affirmative misrepresentations and/or partial statements regarding its financial circumstances that conveyed a misleading impression to Plaintiffs.

100.    Defendant intentionally omitted material facts in their communications to Plaintiffs, including but not limited to:

      a.  That TCI was, or faced a reasonable prospect of becoming insolvent;

      b.  That TCI owed substantial debts to, *inter alia*, its employees' health insurance plan and TCI's landlord, which TCI did not reasonably expect to be able to repay;

      c.  That TCI was facing a likely eviction; and

      d.  That there was a substantial possibility that TCI would not receive sufficient funds to remain open throughout the Fall 2017 semester.

101.    In making these misrepresentations and omissions, TCI intended to induce Plaintiffs into paying tuition and fees to TCI for the Fall 2017 semester.

102.    Plaintiffs reasonably relied on these misrepresentations and omissions.

103.    In reliance on the misrepresentations, Plaintiffs were induced to pay tuition and fees to TCI for the Fall 2017 semester.  They suffered damage as a result of these payments.

104.    Plaintiffs are entitled to actual damages.

105.    Plaintiffs are entitled to punitive damages because Defendant acted intentionally, with actual malice, and with wanton, willful and reckless disregard of Plaintiffs' rights.

## SECOND CAUSE OF ACTION
Fraud

106.　On behalf of Named Plaintiffs and the Class, Plaintiffs allege and incorporate by reference each of the forgoing paragraphs, as if fully set forth herein.

107.　Defendant made affirmative misrepresentations and/or partial statements regarding its financial circumstances that conveyed a misleading impression to Plaintiffs.

108.　Defendant intentionally omitted material facts in their communications to Plaintiffs, including but not limited to:

　　　a.　That TCI was, or faced a reasonable prospect of becoming insolvent;

　　　b.　That TCI owed substantial debts to, *inter alia*, its employees' health insurance plan and TCI's landlord, which TCI did not reasonably expect to be able to repay;

　　　c.　That TCI was facing a likely eviction; and

　　　d.　That there was a substantial possibility that TCI would not receive sufficient funds to remain open throughout the Fall 2017 semester.

109.　In making these misrepresentations and omissions, TCI intended to defraud Plaintiffs.

110.　Plaintiffs reasonably relied on these misrepresentations and omissions.

111.　In reliance on the misrepresentations, Plaintiffs paid tuition and fees to TCI for the Fall 2017 semester.  They suffered damage as a result of these payments.

112.　Plaintiffs are entitled to actual damages.

113.　Plaintiffs are entitled to punitive damages because Defendant acted intentionally, with actual malice, and with wanton, willful and reckless disregard of Plaintiffs' rights.

## **THIRD CAUSE OF ACTION**
### Fraudulent Concealment

114.    On behalf of Named Plaintiffs and the Class, Plaintiffs allege and incorporate by reference each of the forgoing paragraphs, as if fully set forth herein.

115.    Defendant owed a duty to Plaintiffs to disclose material facts, because Defendant stood in a confidential and/or fiduciary relationship to Plaintiffs, and/or possessed superior knowledge of its financial circumstances which was not readily available to Plaintiffs, and made partial statements regarding its financial circumstances that conveyed a misleading impression to Plaintiffs.

116.    Defendant intentionally omitted material facts in its communications to Plaintiffs, including but not limited to:

a.   That TCI was, or faced a reasonable prospect of becoming insolvent;

b.   That TCI owed substantial debts to, *inter alia*, its employees' health insurance plan and TCI's landlord, among others, which TCI did not reasonably expect to be able to repay;

c.   That TCI was facing a likely eviction; and

d.   That there was a substantial possibility that TCI would not receive sufficient funds to remain open throughout the Fall 2017 semester.

117.    In concealing these material facts, TCI intended to defraud Plaintiffs.

118.    Plaintiffs reasonably relied on Defendant's statements which omitted this essential material information.

119.     In reliance on these statements, which omitted this essential material information, Plaintiffs paid tuition and fees to TCI for the Fall 2017 semester.  They suffered damage as a result of these payments.

120.     Plaintiffs are entitled to actual damages.

121.     Plaintiffs are entitled to punitive damages because Defendant acted intentionally, with actual malice, and with wanton, willful and reckless disregard of Plaintiffs' rights.

## FOURTH CAUSE OF ACTION
Breach of Contract

122.     On behalf of Named Plaintiffs and the Class, Plaintiffs allege and incorporate by reference each of the forgoing paragraphs, as if fully set forth herein.

123.     Plaintiffs entered a contract, the Cash Payment Agreement, with TCI for the provision of education services for the Fall 2017 semester.

124.     Plaintiffs made payments of tuition and fees to TCI pursuant to the contract.

125.     TCI breached the contract by failing to provide education services for the Fall 2017 semester.

126.     Plaintiffs suffered harm because of TCI's breach, including but not limited to damages to the extent of the tuition and fee payments that they made.

127.     Plaintiffs are entitled to punitive damages because Defendant acted intentionally, with actual malice, and with wanton, willful and reckless disregard of Plaintiffs' rights.

## FIFTH CAUSE OF ACTION
Unjust Enrichment

128.     On behalf of Named Plaintiffs and the Class, Plaintiffs allege and incorporate by reference each of the forgoing paragraphs, as if fully set forth herein.

129.     Through its acceptance of students' payments for the Fall 2017 semester, TCI was enriched at the Plaintiffs' expense.

130.     It is against equity and good conscience to allow the TCI to retain the funds.

131.     As a result, Plaintiffs are entitled to restitution of the payments.

**SIXTH CAUSE OF ACTION**
Negligent Misrepresentation

132.     On behalf of Named Plaintiffs and the Class, Plaintiffs allege and incorporate by reference each of the forgoing paragraphs, as if fully set forth herein.

133.     Defendant owed a duty to Plaintiffs to provide correct information and disclose material facts, because Defendant stood in a confidential and/or fiduciary relationship to Plaintiffs, and/or possessed superior knowledge of its financial circumstances not readily available to Plaintiffs.

134.     Defendant negligently made partial statements regarding its financial circumstances that conveyed a misleading impression to Plaintiffs.

135.     Defendant negligently omitted material facts in their communications to Plaintiffs, including but not limited to:

a.   That TCI was, or faced a reasonable prospect of becoming insolvent;

b.   That TCI owed substantial debts to, *inter alia*, its employees' health insurance plan and TCI's landlord, among others, which TCI did not reasonably expect to be able to repay;

c.   That TCI was facing a likely eviction; and

d.   That there was a substantial possibility that TCI would not receive sufficient funds to remain open throughout the Fall 2017 semester.

136.    In reasonable reliance on Defendant's negligent misrepresentations, which omitted essential material facts, Plaintiffs paid tuition and fees to TCI for the Fall 2017 semester. They suffered damage as a result of these payments.

137.    Plaintiffs are entitled to actual damages.

### SEVENTH CAUSE OF ACTION
Consumer Protection from Deceptive Acts and Practices
N.Y. General Business Law § 349

138.    On behalf of Named Plaintiffs and the Class, Plaintiffs allege and incorporate by reference each of the forgoing paragraphs, as if fully set forth herein.

139.    Defendant violated New York General Business Law § 349 by engaging in deceptive acts and practices in the conduct of its business, through materially misleading communications with consumers, including Plaintiffs.

140.    Defendant omitted material facts in their communications to consumers, including Plaintiffs, including but not limited to:

a.    That TCI was, or faced a reasonable prospect of becoming insolvent;

b.    That TCI owed substantial debts to, *inter alia*, its employees' health insurance plan and TCI's landlord, among others, which TCI did not reasonably expect to be able to repay;

c.    That TCI was facing a likely eviction; and

d.    That there was a substantial possibility that TCI would not receive sufficient funds to remain open throughout the Fall 2017 semester.

141.    Defendant's conduct had a broad impact on consumers at large. Defendant's materially misleading emails were directed at hundreds of students, with the intent to induce

them into paying tuition and fees to TCI. Dozens of consumers were in fact misled by Defendant into paying tuition and fees and were thereby harmed.

142. Defendant committed the materially misleading acts willfully and/or knowingly.

143. Defendant's wrongful and deceptive acts have caused injury and damages to Plaintiffs and class members.

144. Defendant's violations include, but are not limited to, fraudulently inducing Plaintiffs to pay tuition and fees to TCI for the Fall 2017 semester.

145. As a direct and proximate result of these violations of New York General Business Law § 349, Plaintiffs paid tuition and fees to TCI for the Fall 2017 semester. They suffered damage as a result of these payments.

146. Plaintiffs are entitled to recover actual and treble damages, costs and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, by reasons of the foregoing, Named Plaintiffs and members of the Class request that the Court enter judgment for relief as follows:

a. Certify at an appropriate time that this adversary proceeding is properly maintainable as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and Rule 7023 of the Federal Rules of Bankruptcy Procedure, with a class defined as:

> All individuals who were students at Technical Career Institutes, Inc. and paid tuition and/or fees to TCI for the Fall 2017 Semester for which they have not received a refund.

b. On all counts entering judgment in favor of the Plaintiffs and awarding to Plaintiffs:

i. actual and/or compensatory damages against TCI in an amount to be proven at trial;

ii. restitution;

        iii.      exemplary damages against TCI in an amount to be determined at trial; and

        iv.      fees, costs, and other expenses incurred in this action, including, to the extent applicable, counsel fees.

c.      Grant the members of the class the same relief requested as to Named Plaintiffs in Prayer for Relief paragraph (b) above;

d.      Grant such other and further relief as the Court may deem just and proper.


Dated: June 4, 2018
       New York, New York


Respectfully submitted,

/s/ Jane Greengold Stevens
Jane Greengold Stevens
Danielle Tarantolo
Shanna Tallarico
Jessica Ranucci
NEW YORK LEGAL ASSISTANCE GROUP
7 Hanover Square
New York, NY 10004
(212) 613-5000
Email: dtarantolo@nylag.org
     jstevens@nylag.org
     stallarico@nylag.org
-and-

/s/ Evan R. Fleck
Evan R. Fleck
28 Liberty Street
New York, NY 10005
Telephone: (212) 530-5000

Aaron L. Renenger  (*pro hac vice admission pending*)
1850 K Street, NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500

*Proposed Counsel for Plaintiffs*

<u>**Exhibit A**</u>

**Schoolwide Emails**

**From:** Registrar@tcicollege.edu <Registrar@tcicollege.edu> on behalf of Rafael Baez <Registrar@tcicollege.edu>
**Sent:** Friday, July 21, 2017 1:51:37 PM
**Subject:** Important Announcement from TCI

July 21, 2017

Dear Students:

By now the rumor mill is rampant with the news that TCI may be closing. Let me set the record straight.

TCI is facing very difficult financial times. As such, we had to lay off staff. We are in the process of trying to obtain funding that would keep us open beyond the end of the summer semester. We are completing the summer semester and no teachers will be affected. We are committed to providing you with the same quality education as we have been up to this point.

However, if we cannot secure that funding, and the board decides to close the school after 8/18/17, we are obligated to offer what is called a teach-out. That means that we have to be sure that we offer you the opportunity to go to another school so that you do not lose any time that you have invested toward your degree. We would also provide transcripts and any other records that are necessary.

We are here to answer any questions. Feel free to call (212) 594-4000 and your call will be directed appropriately. You are most important to us and we will act accordingly.

Sincerely,

Philip M. Getter

Philip M. Getter, Chairman

**From:** Registrar@tcicollege.edu <Registrar@tcicollege.edu> on behalf of Rafael Baez <Registrar@tcicollege.edu>
**Sent:** Thursday, August 17, 2017 12:01:36 AM
**Subject:** Important News about TCI College

Dear Students:

We would like to inform you that we have put a plan in place to stabilize TCI College of Technology and its financial situation for the benefit of all of our stakeholders. ASA College has come forward to assist TCI to continue providing a quality education and the support and services that you may need.

I want you to know that we are planning to start our Fall semester on September 26, 2017. We expect to enroll continuing students beginning next Wednesday, August 21, 2017 and new students soon thereafter. This is all subject to our response to Middle States Commission on Higher Education, our accrediting agency, to Show Cause to maintain accreditation which allows students to receive financial aid. We are also working with New York State Department of Education, our state regulator, about our plans. For those students planning to continue at TCI or want to explore the opportunities at one of the other colleges with whom we have articulations agreements or that have comparable programs we will provide as much information and assistance as possible. Please feel free to discuss these options with the Office of Student Affairs [room 101] or Dean's Office [room 400].

Mostly I thank you for your continuing loyalty and support and your dedication to receiving the best education that you can.

Thank you

Sincerely,



Philip M. Getter
Chairman of the Board
TCI College of Technology

August 16, 2017

**From:** Registrar@tcicollege.edu <Registrar@tcicollege.edu> on behalf of Rafael Baez <Registrar@tcicollege.edu>
**Sent:** Thursday, August 17, 2017 10:31:35 AM
**Subject:** Date correction: Important News about TCI College

Dear Students:

We would like to inform you that we have put a plan in place to stabilize TCI College of Technology and its financial situation for the benefit of all of our stakeholders. ASA College has come forward to assist TCI to continue providing a quality education and the support and services that you may need.

I want you to know that we are planning to start our Fall semester on September 26, 2017. We expect to enroll continuing students beginning next Wednesday, August 23, 2017 and new students soon thereafter. This is all subject to our response to Middle States Commission on Higher Education, our accrediting agency, to Show Cause to maintain accreditation which allows students to receive financial aid. We are also working with New York State Department of Education, our state regulator, about our plans. For those students planning to continue at TCI or want to explore the opportunities at one of the other colleges with whom we have articulations agreements or that have comparable programs we will provide as much information and assistance as possible. Please feel free to discuss these options with the Office of Student Affairs [room 101] or Dean's Office [room 400].

Mostly I thank you for your continuing loyalty and support and your dedication to receiving the best education that you can.

Thank you

Sincerely,



Philip M. Getter
Chairman of the Board
TCI College of Technology

August 16, 2017

**From:** Registrar@tcicollege.edu <Registrar@tcicollege.edu> on behalf of Rafael Baez <Registrar@tcicollege.edu>
**Sent:** Monday, August 21, 2017 5:57:01 PM
**Subject:** Registration Invitation for Fall 2017

Good News! Registration for the 2017 Fall semester is now open to all students starting this Wednesday, August 23rd, 2017. Classes begin Wednesday, September 26th, 2017 and the semester ends on January 13th, 2018.

Register as soon as possible so that you can enjoy your semester break and have the classes that you want.

We at TCI recognize how important a college education is to succeed and you are already on your way towards becoming a future graduate!

We are here to assist you through the registration process. Please make sure you visit the Financial Aid Office for clearance in room 139 and visit us in room 145 for any questions regarding registration.

Please note that registration for classes starts this Wednesday, August 23rd, 2017. Registration times are from 10:30 am to 7:00 pm Monday thru Thursday and 9:00 am to 6:00 pm on Fridays.

Classes can fill up quickly. Don't put off to tomorrow, what you can accomplish today.

If you are currently in your last semester, please pass by the Registrar's Office in room 145 and fill out a Prospective Graduate Form.

Thank you.

Registrar's Office

**From:** Registrar@tcicollege.edu <Registrar@tcicollege.edu> on behalf of Rafael Baez <Registrar@tcicollege.edu>
**Sent:** Tuesday, September 5, 2017 10:26:31 PM
**Subject:** TCI Teach out Information

September 1, 2017

Dear Student:

We greatly value your commitment to your education and TCI College of Technology. I want to share an important development about our institution with you.

TCI College of Technology stopped enrolling students for the Fall 2017 semester to prepare for the possible closing of the school. We then entered into around the clock negotiations with another institution in order to keep TCI open, and started to enroll current students, having every intention and expectation of starting a Fall 2017 semester that we expected to begin on September 26, 2017.

Unfortunately, we were not successful in obtaining the funds necessary to begin a Fall 2017 semester. As such, TCI is discontinuing operations as of September 1. This decision was made after evaluating a number of factors, including enrollment levels, current financial stability and long-term viability

In order to help you, please note the following:

* We are attaching a list of the schools that either: a) offer comparable programs; b) have an articulation agreement with TCI; or c) have a signed teach-out agreement with TCI.

* We are attaching a list of frequently asked questions

* We will mail diplomas for students who completed all requirements in the summer 2017 semester and any diplomas that have not been picked up in the past.

* We have made arrangements for you to pick up official transcripts (for students enrolled since 2008) at: Metropolitan College. More information about this is attached in the Question and Answer Document.

While we know this is difficult news for you to receive, our commitment to our students is paramount, and we will do all we can to transition you to another institution, for continued enrollment in your respective programs of study.

The building will be closed the Labor Day week. For questions, please feel free to send an email to: TCITeachOut@tcicollege.edu and a member of the TCI team will respond as soon as possible.

Thank you for your understanding and cooperation.

Philip Getter, Chairman, TCI Board of Directors

cc: Faculty and Staff

# **Exhibit B**

## **Named Plaintiff Payment Receipts**

**Date:** 8/29/2017

**School Name:** Technical Career Institutes        **School Phone:** (212) 594-4000

| | | | |
|---|---|---|---|
| **Student Name:** | David Flores | **Borrower Name:** | David Flores |
| **SSN:** | SSNBlocked* | **Borrower SSN:** | |
| **Student Address:** | 35 22 93rd St 1st Fl | **Borrower Address:** | |
| | Jackson Heights, NY 11372 | | Jackson Heights, NY 11372 |
| | United States | | |
| **Student Phone #:** | (347) 575-0477 | **Borrower Phone #:** | |

**Current Account Balance:** ($1,834.00)

**Fund Source:** SPP - STUDENT PAYMENTS PLAN        **Award Year:** 2017-18

| Disbursement Date | Disbursement Amount | Check Number | Receipt Number |
|---|---|---|---|
| 8/29/2017 | $1,834.00 | 838 | 17-241-0016 |

**Comments:**

Date: 8/24/2017

School Name: Technical Career Institutes     School Phone: (212) 594-4000

Student Name: Jenny Gonzalez            Borrower Name: Jenny Gonzalez
SSN: SSNBlocked*                        Borrower SSN:
Student Address: 1430 Bergen St Apt 7D  Borrower Address:
                 Brooklyn, NY 11213-                      Brooklyn, NY 11213-

                 United States

Student Phone #: (646) 491-1951         Borrower Phone #:

Current Account Balance:   $-1,712.50

Fund Source:   SPP - STUDENT PAYMENTS PLAN          Award Year:   2017-18

| Disbursement Date | Disbursement Amount | Check Number | Receipt Number |
|---|---|---|---|
| 8/24/2017 | $1,712.50 | 3174 | 17-236-0017 |

Comments:

**Date:** 8/24/2017

**School Name:** Technical Career Institutes                                    **School Phone:** (212) 594-4000

| | | | |
|---|---|---|---|
| **Student Name:** | Armando Pardo | **Borrower Name:** | |
| **SSN:** | SSNBlocked* | **Borrower SSN:** | |
| **Student Address:** | 521 51st Street Apt 12 | **Borrower Address:** | |
| | West New York, NJ 07093 | | |
| | United States | | |
| **Student Phone #:** | (201) 348-3279 | **Borrower Phone #:** | |

**Current Account Balance:**    $-970.50

**Fund Source:**    CASHDEPO - Cash Deposit SPP                    **Award Year:**    2017-18

| Disbursement Date | Disbursement Amount | Check Number | Receipt Number |
|---|---|---|---|
| 8/24/2017 | $970.50 | CASH | 17-236-0013 |

**Comments:**

## Exhibit C

## Named Plaintiff Refund Emails

From: David Flores <davidflores360@gmail.com>
Date: Wed, Sep 6, 2017, 1:55 AM
Subject: Refund
To: <TCITeachOut@tcicollege.edu>


Hi there my name is David Flores and I recently registered for classes and paid for the first month just last week and I was wondering how, when, and where can I get my refund since the school is closing. If you could please respond back as soon as possible that would be fantastic thank you for you time


From: David Flores <davidflores360@gmail.com>
Date: Fri, Sep 15, 2017, 2:01 PM
Subject: Hello
To: <TCITeachOut@tcicollege.edu>


Hi there my name is David Flores and I was currently attending TCI for automotive and I recently registered and paid for classes all and I was wondering how and when can I expect to get my money back


From: David Flores <davidflores360@gmail.com>
Date: Tue, Oct 3, 2017, 4:58 AM
Subject: TCI
To: <TCITeachOut@tcicollege.edu>


Hello there I haven't heard any response from this email so I'll try again. So I paid for registration and classes last week of August a total of almost 1900 dollars and I need the money back if the school is closed and I'll won't be learning anything from anyone.
Please I beg you to response I've been patient but now I'm getting tired of it.


From: David Flores <davidflores360@gmail.com>
Date: Sat, Oct 7, 2017, 2:49 AM
Subject: I NEED HELP!!!!!!!!
To: TCITeachOut@tcicollege.edu <TCITeachOut@tcicollege.edu>

# I need to know where and when and how can I get the money I gave to the tci I need the money fast its been a month and half since I

# reregister for classes and have receive no information on how or any mail of my money can you please please help

From: David Flores <davidflores360@gmail.com>
Date: Thu, Oct 19, 2017, 4:22 PM
Subject: Information
To: TCITeachOut@tcicollege.edu <TCITeachOut@tcicollege.edu>

Hello there my name is David Flores and I am still wondering when I will receive my money that was used to register for classes. It has been over a month and still no information or news about how or when I could get my money back. Please I beg please respond and tell me a way to get my money back.

**From:** Jenny Gonzalez <jennyalta79@gmail.com>
**Date:** September 5, 2017 at 10:23:58 PM EDT
**To:** TCITeachOut@tcicollege.edu
**Subject: Return student.**


Hi good evening ,

To who am I concerned my name is Jenny Gonzalez my ID # ████ . Im a returning student, &
I have register for the fall semester. I'm a retuning  students from TCI I have any schedule for the
fall semester this is my last semester to graduate and I had pay cash already , to finish this it's my
last  semester. I do want to know what is going to happen to the money that I already pay . I
really want to finish my last semester so I can be able to graduate . What is going to happen with
the money I pay it a was a check from my job, that they are going to pay for my education . Are
there any school that going to take my credit so I can be able to finish my last semester. What is
going to happen with the schedule that I already have ? What school can I go so I can finish my
last semester to be able to graduate. Please contact me and let me know what can I do my
personal phone number is ████████  you can call me at anytime or email me at my personal
email ████████

Thank you so much .
I really would appreciate to hear from anyone who can give me an advice or guide me to what is
my next step now at the school  going to be close.